**AFFIDAVIT**

I, Special Agent Jared Jankowski, being duly sworn, depose and state as follows:

**INTRODUCTION**

1. I have been employed as a Special Agent of the Federal Bureau of Investigation ("FBI") since September 2017, and I am currently assigned to the Charleston, West Virginia Resident Agency of the Pittsburgh Division. I completed Special Agent training at the FBI training center in Quantico, Virginia, in May 2018, which includes curriculum on conducting federal investigations. Upon graduation from the FBI academy, I was first assigned to Counterintelligence where I worked multiple cases involving economic espionage. Following Counterintelligence work I was assigned to be the task force coordinator for the West Virginia Human Trafficking and Child Exploitation Task Force where I specialize in violent crimes against children. Prior to joining the FBI, I was employed with the Defense Intelligence Agency ("DIA") as a Sergeant with the Police Department for three years. With the DIA I worked federal criminal investigations and was an operator on the Special Response Team where I assisted in protection details for government officials.

2. I make this affidavit in support of an application for a criminal complaint against ROBERT M. HARVEY ("HARVEY"), charging him with a violation of 18 U.S.C. § 2252A(a)(5)(B). That statute

makes it illegal for any person to possess, or attempt to possess, any materials that contain images of child pornography that have been mailed, shipped, or transported using any means or facility of interstate or foreign commerce or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

3. The information contained in this affidavit is based on a United States Probation Office investigation related to a person under their supervision and on information obtained by law enforcement as part of that investigation.

4. Since this affidavit is being submitted for the limited purpose of establishing probable cause, I have attempted to summarize the most relevant facts that establish the requisite probable cause. Therefore, I have not included each and every fact of this investigation.

**PROBABLE CAUSE**

5. On or about July 17, 2007, HARVEY received a 210-month sentence of imprisonment, to be followed by a lifetime term of supervised release, for a conviction in the Southern District of West Virginia for a violation of 18 U.S.C. § 2252A(a)(2)(A) (receipt of child pornography). His term of supervised release commenced on March 22, 2022, and involved him being initially placed at Dismas Charities in Saint Albans, Kanawha County, West Virginia, for a period of six months.

6. On June 29, 2022, the staff at Dismas Charities found HARVEY to be in possession of an iPhone 13 Pro Max cell phone. Per the conditions of his supervised release, HARVEY was not allowed to possess such a cell phone without the approval of his probation officer, and such a cell phone was also subject to searches and seizures by the probation officer.

7. According to the staff at Dismas Charities, HARVEY made several statements in response to the discovery of the unauthorized iPhone, including statements that he was ready to go back to prison and that "There's enough on that cell phone to put me away for life of [sic] this time."

8. On June 30, 2022, HARVEY admitted to his probation officer that he had acquired and activated the phone with a data plan to allow for Internet access through T-Mobile on June 14, 2022. HARVEY refused to supply the probation officer with the passcode for the locked iPhone.

9. HARVEY did make several admissions to the probation officer regarding what would be found on the iPhone. He advised that it contained nude images of two 13-year-old boys and multiple 16 and 17-year-old boys. He stated that the 13-year-old boys directly sent him pictures and videos of their penises and buttocks during their online conversations. He further advised his probation officer that he had intentionally used the cell phone to

engage in behavior that would return him to prison for life and that he was "going out in a blaze of glory."

10. At the time that HARVEY's iPhone was seized on June 29, 2022, law enforcement lacked the technology to access and review the contents of the phone without the passcode. The probation officer requested the assistance of the FBI to access and review the phone when the technology to search the phone became available.

11. Law enforcement later obtained the technological capability to access the contents of HARVEY's iPhone without the passcode and processed the phone in approximately August 2023. A review of the cell phone revealed more than twenty images and videos of nude pubescent males who appeared to be under the age of 18. Some images depict a pubescent male holding his erect penis. Several images show nude pubescent males displaying their anus and penis. A video was found during the review that showed a nude pubescent male masturbating who ejaculates onto his own chest and stomach. Such images were consistent with what HARVEY had told his probation officer would be on the phone.

## CONCLUSION

12. Based upon the information provided above, your affiant alleges that there exists probable cause to believe that ROBERT M. HARVEY knowingly violated 18 U.S.C. § 2252A(a)(5)(B), in that

on or about June 29, 2022, in and around Kanawha County, West Virginia, he knowingly possessed and attempted to possess images of child pornography that he had received via online conversations with minor males.

Further your Affiant sayeth naught.

_____
Jared Jankowski
Special Agent
Federal Bureau of Investigation

Signed and sworn to by telephonic means this 18th day of March, 2025.

_____
DWANE L. TINSLEY
United States Magistrate Judge

5